*Supp. 9 Opinion
JOHNSON, J.
Appellants appeal from a judgment in an action to recover excess rent charged in violation of Santa Monica Rent Control Charter Amendment (SMRCCA) section 1809, subdivision (a). Appellants claim the trial court erred in concluding respondent’s claim for excess rent was subject to the three-year limitations period set forth in Code of Civil Procedure section 338, subdivision (a). Appellants argue the action was barred by the one-year limitations period set forth in Code of Civil Procedure section 340, subdivision (1). Appellants further contend the trial court violated the parol evidence rule in admitting testimony by respondent which contradicted the terms of the written agreement between appellants and respondent. We disagree with these contentions and affirm the judgment.
I
The facts pertinent to this appeal are as follows: on or about April 28, 1989, respondent entered into a written month-to-month lease to rent from appellants an apartment for $753.54 per month. The same day, respondent executed a document entitled “Memorandum of Understanding” which provided:
“1. The leasing of unit #1225 at the property located at 1225 Idaho Avenue, Santa Monica, Calif., 90403 is not contingent upon leasing, by separate agreement, furnishings at said property.
“2. Lessee, based upon full knowledge of the rent control laws of the City of Santa Monica, desires to enter into a separate lease agreement for furnishings for a period of five years. Lessee hereby acknowledges that the leasing of such furnishings is separate from and is not a part of the leasing of unit #1225 at the property. The parties hereby acknowledge that should they terminate the lease on 1225 Idaho Ave., this lease will also terminate.
“3. Lessor, at the request of the lessee, agrees to lease to lessee furnishings at the property. Such lease is separate from and not a part of the leasing of unit #1225 at the property.”
On or about May 6, 1989, respondent executed a separate written agreement pursuant to which she agreed to pay an additional $400 per month to rent furniture for a five-year term.
Respondent’s apartment was a rental unit subject to the SMRCCA and the regulations enacted thereunder. Pursuant to Santa Monica Rent Control *Supp. 10 Board regulation 3201, subdivision (d)(1), a separate agreement to rent furniture is invalid unless it was negotiated separately from the negotiation for the rental of the subject unit, “with no pressure on the tenant to accept the separate agreement or separate fee as a condition of the rental of the apartment.” Subdivision (d)(3) of regulation 3201 provides a separate agreement to rent furniture is valid only if “[t]he continued existence of the arrangement is not a condition of tenancy and the tenant’s termination or breach of the separate agreement is not a ground for eviction.”
On August 22, 1992, respondent filed a complaint alleging appellants charged excess rent from May 1989 through May 1992. Respondent claimed, inter alia, that the furniture rental agreement was invalid because she was told she could not rent the subject unit from appellants unless she agreed to pay additional monthly rent for furniture.[1]
At trial, over appellant’s objection, respondent testified she had not wished to rent a furnished unit because she had her own furniture in storage; however, she was pressured by appellants to accept the furniture rental agreement in order to rent the apartment.
Based on respondent’s evidence that she was not allowed to rent the apartment from appellants unless she accepted the furniture rental agreement, the trial court found appellants violated Santa Monica Rent Control Board regulation 3201, subdivision (d) and charged excess rent in violation of SMRCCA section 1809, subdivision (a).
Judgment was entered on June 28, 1994, awarding to respondent, inter alia, the excess rent charged for furniture rental during the three-year period prior to the filing of the complaint. Thereafter, appellants filed a timely notice of appeal.
II
Appellants first contend the trial court erred in concluding respondent’s claim for excess rent charged in violation of SMRCCA section 1809, subdivision (a) was subject to the three-year limitations period set forth in Code of Civil Procedure section 338, subdivision (a).[2]
Code of Civil Procedure section 338, subdivision (a) establishes a three-year statute of limitations on “[a]n action upon a liability created by statute, *Supp. 11 other than a penalty or forfeiture.” In Nourafchan v. Miner (1985) 169 Cal.App.3d 746 [215 Cal.Rptr. 450], a tenant was sued in unlawful detainer for failure to pay rent after service of a three-day notice to pay or quit. The Court of Appeal in Nourafchan stated the tenant had “the right to offset the excess rent paid during the three-year statutory period (Code Civ. Proc., § 338) within which he could bring an action based on [Santa Monica City Charter] section 1809, subdivision (a).” (Id. at pp. 752-753.)
Subsequently, in Minelian v. Manzella (1989) 215 Cal.App.3d 457 [263 Cal.Rptr. 597], the same court that decided Nourafchan v. Miner, supra, 169 Cal.App.3d 746, held the above quoted language from Nourafchan was dictum and “given the equitable nature of such an offset, no statute of limitations applies when excess rent paid is used as an affirmative defense to an unlawful detainer action . . . .” (215 Cal.App.3d at p. 460.)
Appellants argue Nourafchan v. Miner, supra, 196 Cal.App.3d 746 and Minelian v. Manzella, supra, 215 Cal.App.3d 457 are inapposite because respondent did not raise appellants’ violation of section 1809, subdivision (a) as a defense to an action brought by appellants. Appellants urge this court to find a one-year statute of limitations applied to respondent’s claim.
Code of Civil Procedure section 340, subdivision (1) establishes a one-year statute of limitations on an action “upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation.” Appellants contend all claims brought pursuant to section 1809, subdivision (a) are penal in nature because that section provides for recovery of treble damages in addition to actual damages, fees and costs.
However, the cases upon which appellants rely, Menefee v. Ostawari (1991) 228 Cal.App.3d 239, 244 [278 Cal.Rptr. 805], and G.H.I.I. v. MTS, Inc. (1983) 147 Cal.App.3d. 256, 277 [195 Cal.Rptr. 211, 41 A.L.R.4th 653], are distinguishable. In both Menefee and G.H.I.I., an award of treble damages was mandatory upon a finding that the statute sued upon was violated. In Menefee, supra, 228 Cal.App.3d at page 244, the Court of Appeal indicated that if the statute upon which the claim is based does not grant the *Supp. 12 trial court discretion to award only actual damages, and requires an award of treble damages, the statute is subject to a one-year limitations period pursuant to Code of Civil Procedure section 340, subdivision (1). Here, since the trial court was not required to award treble damages upon a finding that appellants violated section 1809, subdivision (a), and because restitution of excess rent is not a penalty, we conclude appellant’s claim for actual damages was subject to the three-year statute of limitations set forth in Code of Civil Procedure section 338, subdivision (a).
Ill
Appellants next contend the trial court violated the parol evidence rule (Code Civ. Proc., § 1856)[3] by admitting testimony by respondent which contradicted the terms of the written agreement between appellants and respondent. However, the record indicates the evidence was admitted to establish the written lease for furniture rental did not constitute a valid separate agreement in accordance with Santa Monica Rent Control Board regulation 3201, subdivision (d). Where the validity or legality of an agreement is the fact in dispute, the parol evidence rule does not preclude testimony relevant to that issue. (Code Civ. Proc., § 1856, subds. (f), (g).)
Santa Monica Rent Control Board regulation 3201, subdivision (d) establishes three requirements for a valid separate agreement pertaining to payments for furniture, inter alia, as follows:
“(d) An agreement may be considered separate from the rental agreement if it meets all the following criteria:
“(1) The agreement to pay a separate fee for the use of the facilities, equipment or services must have been negotiated separately from the negotiation for the rental of the rental unit, with no pressure on the tenant to accept the separate agreement or separate fee as a condition of the rental of the apartment.
“(2) The terms of the agreement are comparable to those of similar lawful arrangements obtainable in the unregulated market.
“(3) The continued existence of the arrangement is not a condition of the tenancy and the tenant’s termination or breach of the separate agreement is not a ground for eviction.”
*Supp. 13 Respondent testified she was pressured to accept the agreement to pay a monthly fee for furniture in order to rent her apartment. Since the evidence was offered to show the invalidity of the separate furniture lease agreement and was not offered to vary the terms of the written agreement between the parties, we find no error here.
IV-VII*
VIII
The judgment is affirmed. Respondent to recover costs on appeal.
Roberson, P. J., and Watai, J., concurred.
*0 L

 SMRCCA section 1801, subdivision (f) defines “rent” to include payments for furniture.

 All subsequent section references are to article XVIII of the Santa Monica City Charter unless otherwise indicated. SMRCCA section 1809, subdivision (a) provides: “Any landlord who demands, accepts, receives, or retains any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this Article or any rule, regulation or order hereunder promulgated, including the provisions ensuring compliance with habitability *Supp. 11 standards and registration fee requirements, shall be liable in a civil action to the tenant from whom such payments are demanded, accepted, received or retained, for reasonable attorney’s fees and costs as determined by the court, plus damages in the amount by which the payment or payments demanded, accepted, received or retained exceeds the maximum lawful rent. A civil penalty of treble the amount by which the payment or payments demanded, accepted, received or retained exceeds the maximum lawful rent shall be awarded against the landlord upon a showing that the landlord has acted willfully or with oppression, fraud or malice. No administrative remedy need be exhausted prior to filing suit pursuant to this Subsection.”

 Subdivision (a) of Code of Civil Procedure section 1856 provides: “Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.”

 See footnote, ante, page Supp. 7.